# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JULIUS HARRIS, et al.,

    Petitioner,

v.

JOSIE GASTELO, et al.,

    Respondent.

Case No. CV 19-7052-CJC (JEM)

MEMORANDUM AND ORDER DISMISSING PETITION WITH LEAVE TO AMEND

On August 13, 2019, Julius Harris, proceeding pro se and in forma pauperis, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). He names himself and his co-defendant Michael Dunn as Petitioners. However, the Petition was submitted and signed only by Harris. He names Josie Gastelo and People of California as Respondents.

The Court's review of the Petition reveals that it is deficient for the following reasons:

<u>Harris Cannot File on Behalf of Michael Dunn</u>

The Petition names both Harris and his co-defendant Michael Dunn as Petitioners. However, the Petition was submitted and signed only by Harris. Pursuant to Local Rule 83-2.2.1: "Any person representing himself or herself in a case without an attorney must appear pro se for such purpose. That representation may not be delegated to any other person . . . ." Accordingly, Harris cannot file the Petition on behalf of Dunn. Nor is it

necessary for him to do so, as Dunn may choose whether to file a petition on his own behalf.

If Harris chooses to file an amended petition, he should not attempt to file on behalf of Dunn. Rather, Harris should name only himself as the Petitioner. The clerk shall return the Petition to Harris, and he may correct this issue by striking Michael Dunn from the caption on page 1.

### Inclusion of an Improper Respondent

A petitioner seeking habeas corpus relief must name the state officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). "A custodian is the person having a day-to-day control over the prisoner. That person is the only one who can produce the body of the petitioner." Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (internal quotations and citation omitted).

It appears that Josie Gastelo is a proper respondent. However, People of California is not. If Harris chooses to file an amended petition, he should delete People of California as a respondent. Harris may correct this issue by striking People of California from the caption on page 1.

### Failure to Identify the Claims Within the Petition

Harris fails to identify his claims on pages 5-7 of the Petition. Rather, he attaches the briefs filed in support of his direct appeal. Although the Court could assume that Harris intends to assert the claims contained in the attached briefs, those claims should be articulated in the Petition itself. Harris may correct this issue by providing a short description of each claim and referencing the relevant portions of the attached briefs on pages 5-7 of the Petition.

* * *

Accordingly, the Petition is **DISMISSED WITH LEAVE TO AMEND**. If Harris elects to pursue this action, he is **ORDERED** to file an amended petition no later than **September 16, 2019**. In the interest of judicial economy, the clerk is directed to return a copy of the Petition to Harris. Harris shall: (1) strike "Michael Dunn" as a Petitioner on page one of the petition form; (2) strike "State of California" as a Respondent on page one of the petition form; and (3) identify the claims on pages 5-7 of the petition form by including a short description of each claim he is asserting and referencing the relevant portions of the attached briefs. The Petition should be re-labeled as the "First Amended Petition." Once these corrections are made, Harris shall return the First Amended Petition to the Court for filing.

Harris shall immediately notify the Court of any change to his address. If Harris fails to keep the Court informed of where he may be contacted, this action will be subject to dismissal for failure to prosecute and failure to comply with a court order. See Local Rule 41-6.

Finally, Harris is cautioned that his failure to file a First Amended Petition by September 16, 2019, may result in a recommendation that this action be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. No extension of this deadline will be granted absent a showing of good cause.

**IT IS SO ORDERED.**

DATED: August 16, 2019                   */s/ John E. McDermott*
                                                              JOHN E. MCDERMOTT
                                           UNITED STATES MAGISTRATE JUDGE